**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARIA VELIKONJA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 04-1001 (ESH)** |
| | ) | |
| **JOHN ASHCROFT, Attorney General of the United States of America,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff, a former employee of the Federal Bureau of Investigation ("FBI"), has brought suit under Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. § 2000e *et seq.*, claiming retaliation and constructive discharge. In light of an earlier Title VII suit filed by plaintiff against this defendant, defendant has moved to dismiss this action based on the doctrine *res judicata*.[1] For the reasons stated below, the Court concludes that defendant's motion should be denied in part and granted in part, but it will require plaintiff to file an amended complaint consistent with this Memorandum Opinion.

## BACKGROUND

On April 3, 2003, plaintiff filed her first suit against defendant, claiming discrimination and retaliation under Title VII, as well as violations of the Privacy Act and First Amendment (hereinafter "*Velikonja I*"). *See Velikonja v. Mueller*, 315 F. Supp. 2d 66 (D.D.C. 2004)

---

[1] When defendant filed its motion, the Court had not yet rendered a final judgment with respect to plaintiff's first action, and thus, defendant's motion focuses on "claim splitting" in two concurrent actions. However, given the current posture of the case, it is appropriate for the Court to limit its discussion to *res judicata* as applied to consecutive actions.

(dismissing Counts I and IV); *Velikonja v. Mueller*, 2004 WL 3021397 (D.D.C. Dec. 21, 2004) (granting summary judgment on remaining counts). The claims at issue in the first action arose from the FBI's investigations of her allegedly fraudulent time and attendance practices (initiated in October 2000 and October 2001), the agency's delay in completing these investigations, the disciplinary penalty imposed on plaintiff in January 2002 as a result of the first investigation, and other alleged adverse employment actions that took place in 2001, 2002 and 2003. (*See Velikonja I* Am. Compl. ¶¶ 31-47.) The facts underlying those claims are set out in the Court's previous opinions and need not be repeated here.

After filing her original complaint in *Velikonja I* on April 3, plaintiff filed an amended complaint on September 2, 2003, changing the named defendant but not adding any new claims. On September 4, 2003, plaintiff notified the FBI of her intent to resign. (Def.'s Reply Attach. (Letter of Resignation).) According to plaintiff, she filed an informal complaint of discrimination and retaliation on October 16, 2003, claiming that her supervisors had denied her permission to take leave without pay in retaliation for her EEO activities, and that as a result of this and other retaliatory acts, her resignation constituted constructive discharge. (Compl. ¶ 63; Pl.'s Opp'n Attach. (EEOC Letter, Mar. 24, 2004).) The Bureau denied plaintiff's administrative claim as untimely and issued a right-to-sue letter on March 29, 2004. (Pl.'s Opp'n Attach.) Pursuant to the Court's August 15, 2003 Scheduling Order, discovery in *Velikonja I* closed on April 1, 2004. The Court issued a Memorandum Opinion on April 13, 2004, dismissing Counts I and IV of the complaint. On May 3, 2004, the Court reopened discovery for limited purposes until June 14, 2004, and on June 25, it denied plaintiff's further request for discovery beyond that which had been previously granted. The Court stated that "it would not countenance plaintiff's

blatant disregard of the rules governing discovery and this Court's scheduling order." *Velikonja I*, Mem. Op. and Order (D.D.C. June 25, 2004). The Court issued a final judgment in *Velikonja I* on December 21, 2004.

On June 18, 2004, plaintiff commenced her second suit (hereinafter "*Velikonja II*"), which was stayed pending resolution of the first action. (*See Velikonja II*, Civ. No. 04-1001, Docket Entry, Oct. 27, 2004 (granting defendant's motion to stay).) While the factual background underlying plaintiff's first and second complaints is essentially the same, plaintiff appears to have included several new allegations in her second complaint. In support of Count I (Retaliation), she alleges that beginning in May 2003 and continuing through August 2003, supervisors John Krump and Patrick Kelley "repeatedly refused to grant [her] leave without pay" in retaliation for filing her first suit. (Compl. ¶ 49.) Further, she alleges that she was "forced to resign" because she "could not obtain a transfer out of the Procurement Law Unit," because "Pat Kelley unjustifiably gave her adverse recommendations," because the investigations of her time and attendance practices were unresolved, and because "the FBI refused to provide [her] with work assignments commensurate with her background and experience." (*Id.* ¶ 58-62.) These actions, combined with the failure "to allow her continued requests for leave without pay so that she might visit her dying mother and attend other family responsibilities" led to what she alleges in Count II was a constructive discharge. (*Id.* ¶ 73.)

**ANALYSIS**

**I. Motion to Dismiss**

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 41(b), arguing that plaintiff violated the Court's scheduling and discovery orders in *Velikonja I*. (Def.'s

Mot. at 1.)  The Court's orders in *Velikonja I* applied only to that action, however, and thus, Rule 41(b) does not apply here.  As defendant's arguments center on *res judicata* as an affirmative defense, its motion is more properly construed as a motion to dismiss under Rule 12(b)(6).  Under this rule, dismissal is appropriate only where a defendant has shown "'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'"  *In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439, 1442 (D.C. Cir. 1989) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1955)).  The allegations in plaintiff's complaint are presumed true and all reasonable factual inferences should be construed in her favor.  *Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979).

**II.     *Res Judicata***

The doctrine of *res judicata*, "encourages a plaintiff to mount in a single action its claims against the party which it has haled into court."  *U.S. Indus. v. Blake Construction Co.*, 765 F.2d 195, 209 (D.C. Cir. 1985) (internal citation omitted).  It acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation."  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  For plaintiff's claim to be barred, there must be (1) an identity of the cause of action in both suits; (2) identity of the parties in both suits; and (3) a final judgment on the merits by a court of competent jurisdiction.  *Does I Through III v. Dist. Of Columbia*, 238 F. Supp. 2d 212, 217 (D.D.C. 2002).

The parties to this suit and to *Velikonja I* are identical, and this Court decided *Velikonja I* on the merits on December 21, 2004.  *Velikonja v. Mueller*, 2004 WL 3021397 (D.D.C. Dec. 21,

2004). Thus, the only contested issue is whether the new suit involves the "same cause of action." *Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.' . . . In pursuing this inquiry, the [C]ourt will consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understandings or usage.'" *Apotex, Inc. v. Food and Drug Admin.*, 2004 WL 2937247, at *7 (D.C. Cir. Dec. 21, 2004) (quoting *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir. 1983)). In contrast to issue preclusion, new claims need not have actually been adjudicated in an earlier action to be barred by *res judicata*. It is sufficient if the claims "could have been raised" at an earlier juncture. *U.S. Indus.*, 765 F.2d at 207. *See also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Polsby v. Thompson*, 201 F. Supp. 2d 45, 50 (D.D.C. 2002).

Plaintiff argues that her new claims do not duplicate *Velikonja I* because on the date her first complaint was filed (April 3, 2003), the events alleged in her new complaint (occurring May through September 2003) had not yet taken place and therefore were both distinct from, and impossible to include in, the first complaint. (Pl.'s Opp'n at 2.) Moreover, she argues that due to exhaustion requirements, she could not have joined her claims to the complaint prior to March 29, 2004 , when she received notice of a final administrative decision (*i.e.*, a "right to sue" letter). By that date, she contends, it would have been impracticable to amend the complaint or conduct discovery on her newly exhausted claims.[2/] (*Id.* at 5, 9.)

---

[2/]The Court's Scheduling Order set April 1, 2004 as the close of discovery.

Defendant responds that, nevertheless, plaintiff's new claims "were available to [her] in the First Action" and thus cannot be litigated now.  (Def.'s Mot. at 4.)  Defendant argues that the operative date is not the date the suit was originally filed, but the date when plaintiff filed her first *amended* complaint (September 2, 2003).  At that time, the denials of plaintiff's leave requests in summer 2003 had already occurred, as had the other acts alleged to have caused plaintiff to resign (e.g., her inability to obtain a transfer out of the Procurement Law Unit, the prolonged investigation, etc.).  In response to plaintiff's argument that she could not have included the new claims in her amended complaint because they had not been exhausted until approximately seven months later (on March 29, 2004), defendant takes the position that, under *Velikonja I*, plaintiff need not have exhausted those claims.  Defendant also argues that, even if exhaustion had been required, *res judicata* bars any claim that could conceivably have been brought at any time while the first suit was *pending*.  In other words, defendant contends that "plaintiff could have litigated these claims in the first action by seeking leave to amend or supplement her pleadings" even as late as the end of March because *Velikonja I* was not "adjudicated" until December.  (Def.'s Reply at 2, 7)

Although the two actions may "share the same nucleus of facts," the D.C. Circuit has made clear that "*[r]es judicata* does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit." *Apotex*, 2004 WL 2937247, at *7. *See also Drake v. F.A.A.*, 291 F.3d at 66-67; *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 78-79 (D.C.Cir. 1997); *Page v. U.S.*, 729 F.2d 818, 820 n. 12 (D.C. Cir. 1984). Similarly, *res judicata* "does not prevent parties from later bringing claims that 'would have been utterly impracticable to join' in an earlier suit," *Apotex*, 2004 WL 2937247, at *8 (quoting *U.S.*

*Indus.*, 765 F.2d at 205 n.21), or those that "could not have been anticipated when the first suit was filed." *U.S. Indus.* 765 F.2d at 205 n.21. "For the plaintiff to be precluded from again raising [a] claim, he must have previously received a 'full and fair opportunity' to litigate it." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481 n.22 (1982) (holding that "full and fair opportunity" language applies to *res judicata* as well as collateral estoppel). *See also McLaughlin v. Bradlee*, 599 F. Supp. 839 (D.D.C. 1984); *Apotex*, 2004 WL 2937247, at * 6.

When plaintiff filed her first suit in April 2003, at least some of the facts relevant to plaintiff's new claims (*e.g.*, the refusals to grant her leave in the summer of 2003) had not yet occurred and thus could not have been included in her original complaint. The question of whether plaintiff "could have" litigated her new claims in *Velikonja I* thus turns on the issue of whether plaintiff was required to amend her complaint as they arose or else face claim preclusion. As explained more fully below, the Court concludes that, with respect to events that occurred after April 3, 2003, plaintiff is not barred by the doctrine of *res judicata* from litigating these events. The law in this Circuit does not require constant amendments each time plaintiff learns of a new action that could be claimed to be retaliatory or discriminatory. Moreover, the fact that plaintiff had a right, if not a duty, to exhaust her administrative remedies bolsters the conclusion that plaintiff cannot be faulted for not amending her prior complaint, for by the time she had received a right-to-sue letter, discovery was essentially closed. On the other hand, *res judicata* clearly bars plaintiff from asserting claims based on the same nucleus of facts that underlies the claims in her first complaint.

**A. Was Plaintiff Required to Amend Her First Complaint?**

The D.C. Circuit has not explicitly addressed the issue of whether a plaintiff must amend

her original complaint if new, related events occur after filing or whether a subsequent suit may be filed. In *Apotex*, however, the Circuit suggested the operative date for purposes of whether a plaintiff "could have brought" a claim is the date of filing. "*Res judicata* does not bar parties from bringing claims based on material facts that were not in existence *when they brought the original suit*." 2004 WL 2937247, at *6 (emphasis added). Several district court opinions also support plaintiff's interpretation. For example, in *Does I Through III*, the court held that "claim preclusion does not extend to claims that did not arise until after the *original pleading* was filed in the earlier litigation," *Does I Through III*, 238 F. Supp. 2d at 219 (emphasis added). *See also Wise v. Glickman*, 257 F. Supp. 2d 123, 131 (D.D.C. 2003) (plaintiff's claim was not barred, although it arose from same nucleus of facts as claims made in plaintiff's previous suits, because "any other claims made [during the previous suits] may have been deemed premature" and thus plaintiff "never had a fair and full opportunity to litigate [those claims]").

Other circuit courts have also declined to require amendment in cases similar to this one. In *Curtis v. Citibank*, for example, the Second Circuit stated that "[t]he crucial date is the date the complaint was filed. The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims." 226 F.3d 133, 140 (2d Cir. 2000). *See also, e.g.*, *Manning v. City of Auburn*, 953 F.2d 1355,1360 (11th Cir. 1992) (internal citation omitted) ("[W]e do not believe that the *res judicata* preclusion of claims that 'could have been brought' in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation. Instead, we believe that, for *res judicata* purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental

pleadings or otherwise in the earlier action.  Our decision avoids the 'potentially unworkable requirement that every claim arising prior to entry of a final decree must be brought into the pending litigation or lost.'"); *Lundquist v. Rice*, 238 F.3d 975, 978 (8th Cir. 2001); *Spiegal v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 644-46 (7th Cir. 1986).[3/]

Wright and Miller also recommend this approach as being more sensible because "substantial disruption could result from forced amendment at any time after significant discovery has been accomplished."  18 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE JURISDICTION 2D § 4409 (2002).  "Most cases rule that an action need include only the portions of the claim due at the time of commencing that action, frequently observing that the opportunity to file a supplemental complaint is not an obligation."  *Id.*

The cases cited by defendant do not persuade the Court that a different rule is called for.  Each case involved a plaintiff attempting to file a second suit based on the same set of facts as relied on in an earlier case while setting forth a different legal theory, which is the opposite of the instant case.  For instance, in *Herrmann v. Cencom Cable Associates, Inc.*, Judge Posner was concerned (in dicta) with the situation where a plaintiff files an EEOC complaint, then files an

---

[3/] The Ninth Circuit appears to disagree and requires plaintiffs to add newly arising claims to avoid claim preclusion.  For example, the Ninth Circuit has held that as long as evidence could have been presented at some point before judgment in the first case, claims relying upon that evidence must be brought in the first case or not at all.  *Monterey Plaza Hotel Ltd. P'ship v. Local 483, Hotel Employees*, 215 F.3d 923, 927-28 (9th Cir. 2000) ("[T]he doctrine of *res judicata* bars the relitigation of all events which occurred prior to entry of judgment, and not just those acts that happened before the complaint was filed."); *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863 (9th Cir. 1995).  *Cf. Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) (holding that plaintiff "could and should have attempted to amend his complaint in state court" after receiving a right-to-sue letter from the EEOC).

ERISA Title VII suit regarding *the same event* in order to meet the statutory deadline, and then files a second suit after receiving her right-to-sue letter on the issues in the EEOC complaint. 999 F.2d 223, 225-26 (7th Cir. 1993) (holding that plaintiff's continuation of benefits suit was *not* barred by *res judicata* because it concerned facts that arose after the discharge which was the subject of plaintiff's earlier Title VII suit).   Similarly, *Snyder v. Yonkers Public School District* involved two complaints with "identical [factual] allegations," but different legal theories of recovery.  315 F. Supp. 2d 499, 501 (E.D.N.Y. 2004).  In *Coleman v. Potomac Electric Power Co.*, the court barred a claim because plaintiff had not amended the first suit after receiving a right-to-sue letter, but this was because the court perceived Mr. Coleman's second action as relying on "identical facts" as those asserted in his first complaint.  310 F. Supp. 154, 161 (D.D.C. 2004).  Similarly, in *Polsby v. Thompson*, the claims in plaintiff's new suit were also based on "the same set of events" as the earlier suit.  201 F. Supp. 2d 45, 50 (D.D.C. 2002). Finally, in *Woods v. Dunlop Tire Corp.*, "essentially the same underlying occurrence was relevant to both [plaintiff's earlier and subsequent] claims."  972 F.2d 36, 38-39 (2d Cir. 1992). None of these cases deals with new facts (as opposed to new legal theories), that arose after plaintiff had filed her first case.  Thus, defendant's cases are inapposite and its argument fails.

The conclusion that plaintiff does not need to amend her complaint to add claims post-dating the filing of her complaint is particularly appropriate in this case, since plaintiff could well have concluded that she needed to exhaust her administrative remedies before filing suit. While defendant appears to argue that *Velikonja I* excused plaintiff from exhausting later-arising claims (*see* Def.'s Reply at 10), there is no basis for this assertion.  *Velikonja I* simply held that "where the ends of administrative exhaustion have been served by the pursuit of administrative remedies

with regard to the subsequent acts, separate initiation of administrative exhaustion for related post-[EEO] complaint conduct is not required." 315 F. Supp. 2d at 74.  Nothing in the opinion, which was issued after plaintiff had received a right-to-sue letter in March, negates the Supreme Court's ruling that the Title VII exhaustion requirement "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period" even when the acts "are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 113 (2002).  Rather, it is arguable that plaintiff was prudent in seeking administrative relief relating to the events that occurred in the summer of 2003.  And, since plaintiff did not receive a right-to-sue letter resulting from this complaint until March 29, 2004, only three days before the close of discovery in *Velikonja I*, it would have been "utterly impracticable" for her to join the new claims in her first action.  *Apotex*, 2004 WL 2937247, at *8 (quoting *U.S. Indus.*, 765 F.2d at 205 n.21).

Of course, the flip side of the Court's conclusion that plaintiff may bring a second suit based on facts arising after her original complaint was filed (April 3, 2003) is that she may *not* bring any claims based on events that occurred prior to this date if those events are part of the same set of events as those already litigated.  *See Apotex*, 2004 WL 2937247, at *7; *U.S. Indus.*, 765 F.2d at 205.  For this reason, defendant's motion is granted with respect to claims arising before April 3, 2003, but denied with respect to claims based on facts arising thereafter.

**III.     Exhaustion**

Defendant argues that if plaintiff's suit is not barred by *res judicata*, then her claims were not exhausted and must be dismissed on that ground.  (Def.'s Mot. at 11.)  An employee complaining of discrimination must consult an Equal Employment Opportunity (EEO) counselor

within 45 days of the date of the allegedly discriminatory action in order to try to informally resolve the matter.  *See* 29 C.F.R. § 1614.105(a)(1).  As a general rule, discrimination claims alleging conduct that occurred more than 45 days prior to the initiation of administrative action are time-barred in a subsequent action.  *See Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001); *Valentino v. United States Postal Serv.*, 674 F.2d 56, 65 (D.C. Cir. 1982).  If EEO counseling does not resolve the matter, the employee must file a formal complaint with the agency within fifteen days of receipt of a notice of her right to file from the EEO counselor upon their last meeting to preserve her right to proceed in court.

      Defendant points to the March 29, 2004 EEO letter which dismissed plaintiff's complaint as untimely because she did not contact an EEO Counselor until November 21, 2003, 73 days after her resignation.  (Def.'s Reply Attach. at 2.)  In response, plaintiff asserts that the letter is erroneous and that she contacted an EEO Counselor informally on October 16, 2003.  (Compl. ¶ 63.)  She claims that the FBI confirmed this contact in writing, but does not provide the Court with any documentation of this fact.  (*Id.*)  Furthermore, plaintiff's allegations in her complaint about when the allegedly retaliatory and discriminatory events occurred are so vague as to preclude any determination as to whether plaintiff has in fact exhausted her administrative remedies.  Therefore, the Court is not in a position to rule on defendant's exhaustion argument, but will permit defendant to renew its motion, if appropriate, after the plaintiff files an amended complaint.  In this regard, if plaintiff concludes that she still has a valid basis for pursuing this case, she must file an amended complaint within fourteen days.  In this complaint she may only assert claims based on events that post-dated the filing of her prior lawsuit, and for purposes of framing the exhaustion issue, she must clearly delineate the discriminatory or retaliatory acts that

form the basis of her claims, include the dates upon which each act occurred, and attach any relevant documentation to support her claim that she has satisfied Title VII's exhaustion requirements.

**CONCLUSION**

Defendant's motion is granted insofar as plaintiff is relying on events that predated the filing of her complaint in *Velikonja I* on April 3, 2003, but it is denied as to events that post-dated the filing of that complaint. A separate Order accompanying this Memorandum Opinion is attached.

s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 6, 2005